**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REX, LLC, TABB ROBERT BARKS, RONALD | ) | 16-cv-00300-SNIJ |
| LEE GEAN, ESTATE OF JEAN CAROL GEAN, | ) | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, | ) | |
| LLC, GAGANJOT SINGH VIRK, AUTO-OWNERS | ) | |
| INSURANCE COMPANY, AIR EVAC EMS, INC., | ) | |
| Also known as AIR EVAC LIFETEAM, DEACONESS | ) | |
| HOSPITAL, INC., HEARTLAND REGIONAL | ) | |
| MEDICAL CENTER also known as MARION | ) | |
| HOSPITAL CORPORATION, ZURICH | ) | |
| AMERICAN INSURANCE COMPANY, and | ) | |
| GALLAGHER BASSETT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RONALD LEE GEAN AND THE ESTATE OF JEAN CAROL GEAN'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION

NOW COME Defendants, Ronald Lee Gean and the Estate of Jean Carol Gean, by their attorney, Mark D. Prince, of Prince Law Firm, and for their Motion to Dismiss Complaint for Lack of Jurisdiction, state as follows:

## I.     THIS COURT LACKS PERSONAL JURISDICTION.

Count II of Plaintiff's complaint seeks a declaratory judgment determination from this Court that only $1 million in liability coverage is afforded by their policy.  Plaintiff's Complaint alleges no ties between Ronald Lee Gean and the Estate of Jean Carol Gean (hereinafter "the Geans") and the state of Missouri that would entitle them to personal jurisdiction.  Indeed, the Geans have no ties to Missouri.  No part of the accident giving

1

rise to this litigation occurred in Missouri.  Instead, Plaintiff's assert that they are entitled to supplemental jurisdiction by virtue of their complaint for interpleader.

Supplemental jurisdiction is only available if the subject matter is "'so related' to the interpleader action as to 'form part of the same case or controversy.'" *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, No. 14-CV-8060 (KMK), 2016 U.S. Dist. LEXIS 42559, 19 (S.D.N.Y. Mar. 30, 2016) *citing* 28 U.S.C. §1367.  Matters form the same case or controversy if they are derived from a common nucleus of operative facts.  *Id.*  In *Hartford*, the court declined to exercise supplemental jurisdiction over a counterclaim by an insured seeking a declaratory judgment that an interpleading insurance company also had a duty to defend and indemnify the insured.  *Id.* at 19.

Here, like *Hartford*, the claim for declaratory judgment is not part of the same case or controversy.  The facts of the declaratory judgment action depend entirely on the interpretation of the insurance policy, not the facts of the underlying personal injury claim.  The purpose of a statutory interpleader is to divide a certain fund amongst bona fide claimants.  The declaratory judgment action is entirely different in scope.  It requires a determination of the amount of coverage.  If it is determined that the policy provides $21 million in coverage, will Acuity interplead that amount? They will not.

In an interpleader action, courts do not have personal jurisdiction for any subject matter apart from the sum of money deposited with the Court.  *Metropolitan Life Ins. Co. v. Enright*, 231 F. Supp. 275, 277 (S.D. Cal. 1964).  It is "clear that interpleader was not intended, and should not be used, as a vehicle to bootstrap a host of claims to the issue of the disputed fund."  *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, No. 14-CV-8060 (KMK), 2016 U.S. Dist. LEXIS 42559 (S.D.N.Y. Mar. 30, 2016).  Interpleader was not

intended to strip parties of substantial rights, including the right to choose the forum in which to establish their claims.  *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967).  Acuity is attempting to do what it is not allowed to: file an alleged interpleader with the real purpose of shopping for a forum that it perceives to be more favorable on insurance contract interpretation issues.

Here, Plaintiffs have only deposited $1 million with the Court.  For the Court to make any ruling beyond the distribution of that fund would require an independent basis for personal jurisdiction.  *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, No. 14-CV-8060 (KMK), 2016 U.S. Dist. LEXIS 42559, 19 (S.D.N.Y. Mar. 30, 2016).  Here, Plaintiffs have not alleged facts sufficient to establish personal jurisdiction over the Geans.  As such, Count II of Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b) (2).

## II.     THIS COURT LACKS SUBJECT MATTER JURISDICTION.

### A.      This Court lacks subject matter jurisdiction over this matter because the amount of the fund is in dispute.

Plaintiff has deposited $1 million dollars with this Court as "the fund"; however, there is a dispute as to whether this is the limit of its obligation in this case.  Specifically, the Geans have asserted that the applicable insurance policy "stacks" to provide coverage in excess of the $1 million claimed by Acuity up to as much as $21 million.

A district court has no jurisdiction over a complaint in interpleader if the amount deposited is less than the sum claimed by the claimants.  *National Surety Corp. v. Globe Indem. Co.*, 331 F. Supp. 208, 211 (E.D.Pa.1971).  This is so the court is assured that the

Plaintiff is able to satisfy any conceivable judgment.  *New York Life Ins. Co. v. Lee*, 232 F.2d 811, 815 (9th Cir. 1956).

Here, there is a significant dispute as to the amount of the fund.  Plaintiff asserts the fund is only $1 million.  *See Plaintiff's Complaint.*  The Geans assert that the relevant insurance policy is ambiguous and provides $21 million in coverage.  Acuity has conceded that there is a dispute as to the amount of the fund by filing a declaratory judgment action as Count II of its Complaint.  If there were no dispute, a declaratory judgment action would not be necessary.  Here, if the dispute is resolved in favor of the Geans, there would not be sufficient funds on deposit to cover Acuity's obligation.  The "fund" is supposed to set the "outer limits of the controversy."  *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967).  The $1 million is nowhere near the outer limit of Acuity's potential obligation in this matter.

Because Acuity has not deposited the full sum claimed, Plaintiff's complaint for interpleader should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b) (1).

**B.     This Court lacks subject matter jurisdiction over this matter because there is no risk of double vexation against the fund.**

In order for interpleader to be proper, the stakeholder must legitimately fear double vexation against the fund.  *Indianapolis Colts v. Baltimore*, 733 F.2d 484,486 (7th Cir. 1984).  Essentially, the stakeholder must fear exposure to double liability or the vexation of multiple lawsuits.  *Hearing v. Minn. Life Ins. Co.*, 33 F. Supp. 3d 1035, 1039-1042 (N.D. Iowa 2014).  However, interpleader "cannot be used to solve all the vexing problems of multiparty litigation…"  *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967).  It is clear that the interpleader does not extinguish the liability of

4

Rex, LLC and its employee, Tabb Robert Barks. *Id*. Rex, LLC and Barks are still subject to an excess verdict in the Williamson County, Illinois litigation. This is particularly true in this instance where Acuity is attempting to shirk its contractual obligations to its insureds by placing significantly less than the full outer limits of its potential fund in this interpleader.

Here, Acuity will not be exposed to double liability or multiple lawsuits. The defendants named in Plaintiff's Complaint for Interpleader fall into two categories: (1) lienholders, including subrogation, or (2) parties to the lawsuit filed by the Geans in Williamson County Illinois. Lienholders do not have the ability to bring an independent lawsuit, thus there is no risk for Plaintiff to be forced to litigate with them in a separate lawsuit. Their only remedy is to assert a lien against the Geans' ultimate recovery which will be decided in the personal injury litigation in Williamson County, Illinois. The lienholders do not have an independent right to pursue a separate lawsuit against Tabb Robert Barks and Rex, LLC, the insureds, under Acuity's insurance policy.

In the Williamson County litigation, the Geans have sued Rex LLC, Barks, Swift Transportation and Swift's driver, Virk. The Swift entities are insured by Zurich and Gallagher Bassett. Neither Swift, Virk, or their insurers are residents of Missouri. In the event Swift and Virk elect to counterclaim for property damage or personal injury against Barks and Rex, LLC, those damages will be determined in the state court action. As of now, no claims have been filed by Swift against Rex LLC and/or Barks.

Plaintiff has a duty to defend Tabb Robert Barks and Rex, LLC in the Williamson County case regardless of this interpleader action. All parties who may have the right to assert an independent action against Plaintiff are parties to that state court suit. Thus, that

5

is the only venue in which Plaintiff's insureds need appear.  Instead, Plaintiff chose to utilize interpleader as a tool to shop for a perceived more favorable forum to determine the liability limits of their policy. It is Acuity who has elected to litigate this case in multiple forums.  Because Plaintiff has no reason to fear multiple vexations against the alleged "fund", Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b) (1).

### III.   IF THIS COURT FINDS PERSONAL AND SUBJECT MATTER JURISDICTION, VENUE IS IMPROPER IN THE EASTERN DISTRICT OF MISSOURI BECAUSE NO ADVERSE CLAIMANT RESIDES WITHIN THE DISTRICT.

Plaintiff asserts that venue is proper in the Eastern District of Missouri under the general venue statute, 28 U.S.C § 1391, and under 28 U.S.C. § 1397, which applies to statutory interpleader actions.  At the time of the motor vehicle crash on August 5, 2016, the Geans were Michigan residents with no ties to the state of Missouri.  The crash occurred in Williamson County, Illinois.  Tabb Robert Barks and Rex, LLC are Missouri residents, but neither has a claim to the fund as they are tortfeasors.  Indeed, the only reason Acuity has named Rex, LLC and Barks as defendants is to litigate the declaratory judgment issue.  Acuity realizes that their insureds do not have a legitimate claim against the insurance fund.  Thus, the Court should not consider the residence of Acuity's insureds as a basis to establish venue.

Air Evac EMS, Inc. (hereinafter "Air Evac") is a Missouri Corporation, but it is also registered to do business in Illinois.  *See Attached Exhibit A* (Illinois Corporate Registration).  More importantly, Air Evac has no claim to the fund as their bill has been paid by the Geans' personal injury protection insurance, Auto-Owners Insurance

6

Company.  *See Attached Exhibit B* (Cancelled Check and Payment Breakdown to Air Evac).

Auto-Owners Insurance Company is located in Michigan.  Their only interest in this matter is as a subrogation lienholder.

Swift Transportation Company (hereinafter "Swift") was the owner of a tractor-trailer that was involved in the motor vehicle accident in Williamson County, Illinois.  Swift is headquartered in Phoenix, Arizona.  Gaganjot Singh Virk, an Illinois resident, was the driver of the Swift tractor-trailer.  Zurich American Insurance Company insured the Swift Truck.  Zurich is headquartered in Illinois.

Heartland Regional Medical Center is a hospital located in Williamson County, Illinois.  Their only interest in this matter is as a lienholder.

Gallagher Bassett Services, Inc. was Swift's worker's compensation carrier.  Their only interest in this matter is as a subrogation lienholder only if Virk has made a worker's compensation claim and sues Bark and Rex, LLC.

The general venue provisions are not available to the stakeholder under statutory interpleader.  *Mudd v. Yarbrough,* 786 F. Supp. 2d 1236,1244 (E.D. Ky. 2011).  In an interpleader action under section 1335, the court must look to the specific venue provision under 28 U.S.C. § 1397.  A statutory interpleader action may be brought in a district in which one or more of the claimants reside.  28 U.S.C. § 1397.  Courts have clarified that the term "may" is interpreted as "shall" and, thus, at least one adverse claimant must reside in the judicial district where the action is brought.  *Leader Nat'l Ins. Co. v. Shaw*, 901 F. Supp. 316, 320-321 (W.D. Okla. 1995).  Further, a stakeholder must act in good faith and not use interpleader as a tool for forum shopping.  *Indianapolis*

*Colts v. Baltimore*, 733 F.2d 484, 486-487 (7th Cir. 1984).  An interpleader action that is brought in bad faith must be dismissed.  *Id.*

Here, Plaintiff asserts that Air Evac is that claimant.  However, Air Evac has no claim to the fund because they have already been paid. Clearly, Air Evac was joined as a defendant solely to provide a basis for jurisdiction in the Eastern District of Missouri. The only bona fide claimant to the Plaintiff's insurance policy fund are the Geans' because they hold the only right to recovery, with the possible exception of Virk and/or Swift, neither of whom are Missouri residents.  No other lienholder can file a lawsuit separate and apart from the Geans. Again, any lienholders claim is entirely dependent on the Geans' ultimate recovery in the personal injury litigation in Williamson County, Illinois.  Because no bona fide claimant resides in the Eastern District of Missouri, Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b) (3).

## IV.   EQUITY FAVORS DISMISSAL.

There must be an equitable basis for a court to assert jurisdiction under the Interpleader Act.  *Flanagan v. Marvel*, 94 F. Supp. 145 (D. Minn. 1950).  This Court has discretion to dismiss Plaintiff's complaint if equity does not favor maintenance of the action.  *United Artists Corp. v. Fields Productions, Inc.*, 363 F. Supp. 903 (S.D.N.Y. 1973).  Uncertainty in the amount of the fund and lack of adversity among most defendants are factors in favor of dismissal.  *Id.* at 906. It is not appropriate to use interpleader for forum shopping.  *Indianapolis Colts v. Baltimore*, 733 F.2d 484, 486-487 (7th Cir. 1984).

Acuity's request for interpleader is premature.  The amount of the fund is uncertain.  If a court were to determine that the policy "stacks" to the asserted $21 million, there would be no need for interpleader at all.  Acuity clearly filed this action to shop for a forum for their declaratory judgment action.  This is evident by their choice to include Air Evac as a defendant solely to have a claimant that resides in the Western District of Missouri, even though their bill has been paid.  Ultimately, the value of the claims asserted should be determined by the laws of Illinois, the state in which the accident occurred.

WHEREFORE, Ronald Lee Gean and the Estate of Jean Carol Jean pray that this court dismiss the above entitled action with prejudice, and for any other such relief this Court deems proper.

By:     /s Mark D. Prince
        Mark D. Prince
        Attorney for Plaintiff
        (Admitted pro hac vice)

By:     /s Tyler N. Dihle
        Tyler N. Dihle
        Attorney for Plaintiff
        (Admitted pro hac vice)

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing document(s),

***Ronald Lee Gean and The Estate of Jean Carol Gean's Motion to Dismiss Complaint For Lack Of Jurisdiction***

was served upon the attorney(s) of record of all parties to the above cause via the Court's electronic filing system or U.S. Mail to the following:

Robert Linhares
165 N. Meramec Ave., Ste. 310
St. Louis, MO 63105

Zurich American Insurance Company
c/o its Registered Agent, Chief Financial Officer
200 E. Gaines St.
Tallahassee, FL 32399-0000

Russel Watters
800 Market St., Ste. 1100
St. Louis, MO 63101

Attorney for Gallageher Bassett Services, Inc.
Brent L Salsbury
C. Zachary Vaughn
Wiedner & McAuliffe, Ltd.
8000 Maryland Ave., Ste. 550
St. Louis, MO 63105
zvaughn@wmlaw.com
blsalsbury@wmlaw.com

Heartland Regional Medical Center a/s/o Marion Hospital Corporation
c/o its Registered Agent, CT Corporation System
208 South LaSalle St., Ste. 814
Chicago, IL 60604

Deaconess Hospital, Inc.
c/o its Registered Agent, Robert F. Barron, Esq.
Kahn Dees Donovan & Kahn
501 Main St., Ste. 305
Evansville, IN 47708

Air Evac EMS, Inc., a/s/o Air Evac Lifeteam
Registered Agent
120 South Central Ave.
Clayton, MO 63105

Mr. Gaganjot Singh Virk
347 Clarendon Lane
Bollingbrook, IL 60440


Attorneys for Swift Transportation Co. of Arizona, LLC
Michael Reda
Matthew H. Noce
HeplerBroom LLC
211 North Broadway, St. 2700
St. Louis, MO 63102
mxr@heplerbroom.com
mhn@heplerbroom.com


 as disclosed by the pleadings, this 21st day of March, 2016.


By:       _/s Mark D. Prince_____
               Mark D. Prince
               Attorney for Plaintiff
               (Admitted pro hac vice)


By:       /s Tyler N. Dihle
               Tyler N. Dihle
               Attorney for Plaintiff
               (Admitted pro hac vice)


PRINCE LAW FIRM
404 N. Monroe Street
P.O. Box 1050
Marion, IL 62959
Tel.:  (618) 997-2111
Fax:  (618) 997-2555
mdprince@princelawfirm.net
www.princelawfirm.net