UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No. 1:16-cv-300-AGF |
| vs. | ) ) | |
| REX, LLC, et al. | ) ) | |
| Defendants | ) | |

# MEMORANDUM AND ORDER

This interpleader matter involves insurance proceeds payable as the result of an August 5, 2016 vehicle accident on Interstate 57 in Williamson County, Illinois. Plaintiff Acuity, a Mutual Insurance Company ("Acuity"), filed this interpleader lawsuit on December 30, 2016, naming as defendants its insureds and claimants against the insurance funds. Defendants Ronald Lee Gean and the Estate of Jean Carol Gean have moved to dismiss or, in the alternative, to transfer venue. ECF No. 25. For the following reasons, the Court agrees that it lacks subject matter jurisdiction, but will hold the motion in abeyance to provide Acuity with the opportunity to deposit additional funds.

I.    **Factual Background**

Acuity issued an insurance policy to Defendant Rex, LLC ("Rex"). Defendant Tab Barks ("Barks") was driving a tractor trailer for Rex on August 5, 2016 on Interstate 57 in Illinois when he was involved in a traffic accident with two other vehicles occupied (1) by Ronald and Jean Gean in their pickup truck and (2) by Gaganjot Virk driving a

Swift Transportation Co. of Arizona, LLC ("Swift") tractor trailer. Ronald Gean and Gaganjot Virk were injured in the accident and have been named as defendants in this lawsuit; Jean Gean died as a result of the accident, and her Estate has been named as a Defendant in this lawsuit. Also named as Defendants are entities involved in treating the injuries of Roland Gean and Gaganjot Virk: Deaconess Hospital, Inc. (which treated Ronald Gean); Air Evac EMS, Inc. (which flew Ronald Gean to Deaconess); and Heartland Regional Medical Center (which treated Gaganjot Virk). Finally, Acuity named as Defendants Auto-Owners Insurance Co. (the Geans' insurer); Zurich American Insurance Co. (Swift's insurance carrier); and Gallagher Bassett Services, Inc. (Gaganjot Virk's compensation carrier).

Acuity filed this lawsuit on December 30, 2016, seeking in Count I to deposit its $1 million policy limits with the Court so that the Court could ensure a fair and equitable division of the fund to the fund claimants. In Count II, Acuity seeks a declaratory judgment that the applicable insurance policy limit is $1 million in light of the policy's "anti-stacking" provisions.

Ronald Gean and the Estate of his wife (the "Geans") filed a lawsuit in Williamson County, Illinois, in January 2017 (the "Illinois Lawsuit"). The Geans brought their suit against Barks, Rex, Virk, Swift, and Acuity. Against Acuity in that case, the Geans seek a determination that the policy issued to Rex provides up to $21 million in coverage. The Geans have now moved to dismiss Acuity's lawsuit in this Court for lack of subject matter jurisdiction (interpleader count) and personal jurisdiction (declaratory judgment count) or, in the alternative, to transfer venue pursuant to Federal

Rule of Civil Procedure 12(b)(3).

## II. Subject Matter Jurisdiction

Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability. *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). A party may bring a claim under statutory interpleader, governed by 28 U.S.C. § 1337, as Acuity did here, or Federal Rule of Civil Procedure Rule 22. The same principles apply to both statutory and Rule 22 interpleader, and the only differences between the two involve procedural requirements such as jurisdiction, venue, service of process, and amount in controversy. *Wittry v. Nw. Mut. Life Ins. Co.*, 727 F. Supp. 498, 500 (D. Minn. 1989); *see also* 7 Charles Alan Wright et al., *Federal Practice & Procedure* § 1703 (3d ed.).[1]

Federal law grants original jurisdiction to the district courts over interpleader actions where (1) there are adverse claims to money or property worth $500 or more and where (2) at least two of the adverse claimants are of diverse citizenship. *See* 28 U.S.C. § 1335. The parties agree that more than $500 is at stake and that at least two of the adverse claimants have diverse citizenship. The Geans argue that this Court lacks subject matter jurisdiction for two other reasons: (1) the amount of the fund is in dispute; and (2) there is no risk of double vexation against the fund.

---

[1] For instance, subject-matter jurisdiction in suits brought under Federal Rule of Civil Procedure 22 requires complete diversity of citizenship between the stakeholder and the claimants; statutory interpleader is satisfied by minimal diversity between or among the claimants.

3

First, the Geans suggest that this Court does not have jurisdiction over an interpleader case if the amount deposited is less than the sum claimed by the claimants. The Geans contend that there is a dispute as to the amount of the fund: although Acuity states that the fund at stake is only $1 million, the Geans argue that Acuity's insurance policy may be stacked to provide $21 million in coverage. Therefore, $21 million is the maximum amount in dispute, and the Geans point out that Plaintiff's Count II for a declaratory judgment acknowledges the dispute regarding the Acuity policy coverage.

The "subject matter of an interpleader action is defined by the fund deposited by the stakeholder." *Gaines*, 539 F.2d at 1141. A stakeholder may not compel a party to litigate his claim in interpleader unless he deposits with the court an amount equal to the sum claimed by the claimants. *Id.* In other words, "a district court has no jurisdiction [over] an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants." *Metal Trans. Corp. v. Pac. Venture S.S. Corp.*, 288 F.2d 363, 365 (2d Cir. 1961); *see also A & E Television Networks, LLC v. Pivot Point Entm't, LLC*, 771 F. Supp. 2d 296, 300–01 (S.D.N.Y. 2011) (collecting cases); *Miller & Miller Auctioneers, Inc. v. G. W. Murphy Indus., Inc.*, 472 F.2d 893, 895 (10th Cir. 1973).

This is true even where the interpleading party contends that, as a matter of law, claimants are not entitled to the amount claimed. *See, e.g. New York Life Ins. Co. v. Lee*, 232 F.2d 811, 815 (9th Cir. 1956) (holding that, even though the plaintiff disputed the claim to attorney's fees that arose under a state statute, the plaintiff was still required to deposit the amount of attorney's fees claimed in order to comply with the interpleader statute); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ambassador Grp., Inc.*, 691 F. Supp. 618, 621 (E.D.N.Y. 1988) (observing that although "under rule interpleader a stakeholder may deposit the amount it believes to be in dispute, under statutory

4

interpleader an interpleading plaintiff must deposit with the Court the highest amount claimed by defendants."); 7 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1716 (3d ed. 2017) ("As a general rule, the stakeholder must deposit or post a bond in an amount equal to the largest claim. The fact that plaintiff . . . disputes some elements of one or more of the claims does not vitiate this requirement or justify the stakeholder making deductions from the deposit.").

The minority view, however, is that on occasion, "the court will have to inquire into the underlying merits of a claim to determine the proper amount of the deposit or bond." *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210–11 (3d Cir. 1999). The Third Circuit held that the determination of the proper amount of the deposit "depends upon the person who invokes the interpleader and what he asserts to be the subject matter of the controversy." *Id.* at 210. Amounts that are not realistically within the scope of the interpleader as pleaded are not required to be deposited or bonded to sustain federal jurisdiction." *Id*. Accordingly, the Third Circuit concluded that the amount in controversy was the sum of the unexhausted proceeds of the policy, and it further held that the policy amounts that had already been paid or contractually committed to settle ongoing, pre-interpleader lawsuits would not be included in the amount in controversy. *Id.* at 210-11.

In this action, Acuity has deposited a bond in the amount of $12 million, which Acuity claims is the limit of its liability under the policy. Acuity's own Complaint, however, admits that the Geans have asserted a claim that the policy limit stacks to provide a coverage limit of $21 million. ECF No. 1 at ¶ 40. Therefore, in accordance with the majority view, the minimum deposit figure acceptable from Acuity would be

5

$21 million.  On this basis alone, the Court must conclude that it lacks subject matter jurisdiction over the instant interpleader action.

Moreover, the Court is not persuaded by Acuity's contention that the Court's order to deposit the funds into the Court registry creates subject matter jurisdiction.  The cases cited by Acuity merely stand for the proposition that subject matter jurisdiction on an otherwise unopposed amount of funds is perfected upon the Court's acceptance of those funds.  *See Wayzata Bank & Tr. Co. v. A & B Farms*, 855 F.2d 590, 593 (8th Cir. 1988).  Therefore, in light of existing precedent that an interpleader plaintiff must deposit or post a bond in an amount equal to the largest claim, the Court finds that Acuity has not deposited a sufficient bond for an interpleader action and, as a result, the Court does not have subject matter jurisdiction over this action.  However, rather than dismiss this lawsuit, the Court will give Acuity an opportunity to post the appropriate amount of $21 million.  *See generally* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1716 (3d ed. 2017); *see also Gen. Accident Gr. v. Gagliardi,* 593 F. Supp. 1080, 1087 (D. Conn. 1984), *aff'd without op.,* 767 F.2d 907 (2d Cir. 1985); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 691 F. Supp. at 621–22.

The Court will briefly address the Geans' second argument that the Court lacks subject matter jurisdiction over this matter because there is no risk of double vexation against the fund.  The Eighth Circuit has explained that both statutory interpleader and interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure are "designed to protect stakeholders not only from double or plural liability but also from duality or plurality of suits."  *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977); *accord State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (explaining that

the legislative purpose of the statute is "broadly to remedy the problems posed by multiple claimants to a single fund.").

Acuity contends that it is vulnerable to duplicative claims filed against it and cites a subrogation claim that was filed with Acuity by Auto-Owners for expenses paid for treatment of Ronald Gean. As Acuity correctly noted in its brief, other interested parties with liens against the recovery of various claimants may be driven by the amount of the Acuity fund disbursed to each respective rival claimant. At this stage of the litigation, Acuity has shown sufficient evidence that it may be subject to multiple claims and suits against its insured for personal injuries arising out the motor vehicle accident.

## III. Personal Jurisdiction

The Geans further argue that this Court does not have personal jurisdiction over them for Plaintiff's declaratory judgment count (Count II). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation omitted). The Geans note that Plaintiff's complaint alleges no ties between the Geans and the state of Missouri that would subject them to personal jurisdiction. The Geans have no ties to Missouri – they are citizens of Michigan, and the car accident at the heart of this litigation took place in Illinois.

Acuity correctly points out that the Geans do not contest this Court's personal jurisdiction over them with respect to Count I for interpleader. Personal jurisdiction for that Count is conferred by the federal interpleader statute, which provides that "a district court may issue its process for all Claimants and enter its order restraining them from

instituting or prosecuting any proceeding . . . affecting the property, instrument, or obligation involved in the interpleader." 28 U.S.C. § 2361.

Acuity further argues that once a district court has personal jurisdiction over a defendant for one claim, it may "piggyback" onto that claim other claims over which it lacks independent personal jurisdiction, provided that all claims arise from the same facts as the claim over which it has proper personal jurisdiction. Acuity also contends that the Court has personal jurisdiction over the Geans by virtue of their express interest in the Acuity insurance policy issued to Rex in Missouri. In other words, Acuity asserts that this Court has pendent party jurisdiction over the Geans or, in the alternative, the Geans availed themselves to the jurisdiction of this Court by virtue of their express interest in the Acuity policy proceeds and assertion that the policy limit stacks to their benefits. *See Aviva Life & Annuity Co. v. Davis*, 20 F. Supp. 3d 694, 703 (S.D. Iowa 2014) ("With regard to Plaintiffs' state law claims, it is well-settled outside of the Eighth Circuit that if a federal district court has personal jurisdiction over a defendant due to a federal statute that authorizes nationwide service of process, that court also has discretion to exercise "pendent personal jurisdiction" over the defendant for any state claims that "derive from a common nucleus of operative fact" as the federal claim.") (citing *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir.1993).

In light of this Court's decision holding that it lacks subject matter jurisdiction over the interpleader count, it will not, at this juncture, reach the issue of pendent or supplemental party jurisdiction. *See Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). The motion to dismiss for lack of personal jurisdiction will be held in abeyance.

**IV. Venue**

The Gean filed, in the alternative, a motion to transfer venue under Federal Rule 12(b)(3). However, a court without subject matter jurisdiction cannot transfer a case to another court. *See Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005) (transfer under 28 U.S.C. § 1404(a)). Therefore, the Court will also hold in abeyance the alternative motion to transfer venue until the issue of subject matter jurisdiction is resolved.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss or, in the alternative, to transfer venue is **HELD IN ABEYANCE.** ECF No. 25. Plaintiff is granted leave to post the appropriate amount of $21 million or dismiss Count I on or before **November 13, 2017**. Failure to post the appropriate amount or dismiss Count I may result in the Court dismissing Count I for lack of subject matter jurisdiction.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2017.