UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:16-cv-300-AGF |
| vs. | ) ) ) |
| REX, LLC, TABB ROBERT BARKS, RONALD LEE GEAN, ESTATE OF JEAN CAROL GEAN, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, GAGANJOT SINGH VIRK, AUTO-OWNERS INSURANCE COMPANY, AIR EVAC EMS, INC., DEACONESS HOSPITAL, INC., HEARTLAND REGIONAL MEDICAL CENTER, ZURICH AMERICAN INSURANCE COMPANY, and GALLAGHER BASSETT SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Acuity, A Mutual Insurance Company, to voluntarily dismiss Count I without prejudice, amend its complaint for declaratory judgment, and add an additional count to its complaint. ECF No. 42. For the following reasons, the Court will grant Acuity's motion.

### BACKGROUND

On August 5, 2016, there was a vehicle accident on Interstate 57 in Williamson County, Illinois. One of the drivers involved in the accident was operating a tractor

trailer under the authority and dispatch of Rex, LLC, Acuity's insured. The Geans were also involved in the accident and are parties to litigation regarding the accident in Illinois state court.

Acuity filed this interpleader action based on diversity jurisdiction on December 30, 2016, regarding insurance proceeds payable as the result of the accident. In its complaint, Acuity sought in Count I to deposit its $1 million policy limits with the Court so that the Court could ensure a fair and equitable division of the fund to the fund claimants. In Count II, Acuity sought a declaratory judgment that the applicable insurance policy limit is $1 million in light of the policy's "anti-stacking" provisions.

The Geans filed a motion to dismiss for lack of subject matter jurisdiction (interpleader count) and personal jurisdiction (declaratory judgment count) or, in the alternative, to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Specifically, the Geans suggested that this Court did not have jurisdiction over the interpleader count because the amount deposited was less than the sum claimed by the claimants. The Geans further argued that this Court lacks personal jurisdiction over them. Specifically, they claimed that Acuity did not, and could not, allege in its complaint sufficient ties or contacts between the Geans and the state of Missouri to satisfy the requirements of personal jurisdiction.[1] Lastly, in the event the Court found subject matter and personal jurisdiction, the Geans sought dismissal for improper venue

---

[1] The Geans also challenged Acuity's assertion that it is entitled to supplemental jurisdiction by virtue of its count for interpleader. In light of the Acuity's motion to voluntarily dismiss its count for interpleader, the Court will not address the Geans's arguments on this point.

2

on the basis that no bona fide claimant resides in the Eastern District of Missouri.[2]

On October 30, 2017, the Court issued an order finding that it did not have subject matter jurisdiction over the count for interpleader because Acuity failed to deposit the maximum amount in dispute. Rather than dismiss the case outright, the Court held the motion to dismiss in abeyance and granted Acuity leave to either post the appropriate amount or dismiss Count I.

On November 13, 2017, Acuity filed the instant motion to voluntarily dismiss Count I without prejudice. But in its motion, Acuity now seeks to amend its complaint for declaratory judgment, and to add a count for declaratory judgment under the Missouri declaratory judgment statute. The amended complaint also contains a section asserting the Court's personal jurisdiction over the Geans.

The Geans filed a response in opposition to Acuity's motion. ECF No. 43. The Geans contend that Count I should be dismissed with prejudice and that leave to amend the complaint should not be granted because Acuity's amendment would not cure the defect of personal jurisdiction. Specifically, the Geans argue that the proposed amended complaint asserts no ties between the Geans and the state of Missouri other than an expressed interest in the construction of an auto insurance policy held by Missouri resident, Rex, LLC. This pre-litigation interest, the Geans submit, is insufficient to establish personal jurisdiction.

---

[2] Defendants Auto-Owners Insurance Company, Rex, LLC, Gallagher Bassett Services, Inc., and Swift Transportation Co. of Arizona filed separate answers to the complaint. The Geans were the only defendants that filed a motion to dismiss.

Acuity filed a reply, maintaining that the Court has personal jurisdiction over this action "by virtue of the Geans' intentional conduct in having a Missouri insurance policy construed in their favor." ECF No. 45 at 2. In other words, Acuity argues that the Geans, by making a claim under the auto insurance policy, have intentionally availed themselves of the protections and perils of a Missouri insurance contract that is subject to Missouri law.

## DISCUSSION

The Court will grant Acuity's motion to dismiss Count I without prejudice. The decision to allow a plaintiff to voluntarily dismiss is within the sound discretion of the district court. *See Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). When determining whether to allow a voluntary dismissal without prejudice, a district court should consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Id.* (internal citation omitted). Here, the Court has considered the above factors and finds that Acuity presented a proper explanation for its desire to dismiss, that dismissal would not result in a waste of judicial time and effort, and that the remaining Defendants would not be prejudiced by dismissal without prejudice. Moreover, in light of the Court's previous order permitting Acuity to either cure Count I's defect regarding subject matter jurisdiction by depositing additional funds or voluntarily dismiss the count, the Court finds that granting Acuity's request to dismiss Count I without prejudice is appropriate.

The Court will also grant Acuity's motion to amend the complaint and add a count to its complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend

4

"shall be freely given when justice so requires." "[H]owever, [the Court] may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007). The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt. Pens. Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

Here, the Geans may well be correct with respect to their arguments regarding the futility of the amended complaint. However, under the liberal standard of Rule 15 and in light of the fact that there exist numerous claims against numerous parties, the Court will permit Acuity to amend its complaint. And, as Acuity properly asserts, courts have held that a denial of leave to amend is not the preferred vehicle for addressing futility based on lack of personal jurisdiction. *See, e.g.*, *Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, No. CIV.A. H-10-1708, 2011 WL 2193294, at *6 (S.D. Tex. June 6, 2011) (collecting cases).

The Court notes, however, that the Geans previously filed a motion to dismiss based on lack of personal jurisdiction, to which Acuity responded. And Acuity does not appear to allege any more in its amended complaint than it asserted in response to the Geans' motion. As such, the Court will give the parties a limited opportunity to submit supplemental briefing on the issue of personal jurisdiction and will consider that briefing in conjunction with the arguments submitted regarding the motion to dismiss and the motion to amend. The Court will thereafter consider the Geans' motion to dismiss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to voluntarily dismiss Count I without prejudice, amend its complaint for declaratory judgment, and add an additional count to its complaint is **GRANTED.** [ECF No. 42]. The Clerk of Court shall detach the proposed first amended complaint (ECF No. 42-1) and docket it as Acuity's First Amended Complaint for Declaratory Relief.

**IT IS FURTHER ORDERED** that the Geans will file any supplemental briefing on the issue of personal jurisdiction on or before **January 11, 2018**.

**IT IS FURTHER ORDERED** that Acuity will file any reply **on or before January 18, 2018.**

<br>

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2018.