UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:16-cv-300-AGF |
| vs. | ) ) ) |
| REX, LLC, TABB ROBERT BARKS, RONALD LEE GEAN, ESTATE OF JEAN CAROL GEAN, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, GAGANJOT SINGH VIRK, AUTO-OWNERS INSURANCE COMPANY, AIR EVAC EMS, INC., DEACONESS HOSPITAL, INC., HEARTLAND REGIONAL MEDICAL CENTER, ZURICH AMERICAN INSURANCE COMPANY, and GALLAGHER BASSETT SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants Ronald Lee Gean and the Estate of Jean Carol Gean ("the Geans") to dismiss for lack of personal jurisdiction. ECF No. 25. Plaintiff Acuity, A Mutual Insurance Company ("Acuity"), opposes the motion. For the reasons set forth below, the motion to dismiss will be granted.

Acuity seeks a declaratory judgment regarding whether the insurance proceeds payable as the result of a vehicle accident are subject to stacking. The accident occurred on August 5, 2016, on interstate 57 in Williamson County, Illinois. One of the drivers

involved in the accident was operating a tractor trailer under the authority and dispatch of Rex, LLC, Acuity's insured and a Missouri citizen. The Geans, Michigan citizens, were also involved in the accident, and they filed a personal injury lawsuit against Rex, LLC and Acuity in Illinois state court. ECF No. 47-1.[1] In its amended complaint, Acuity claims that, at an unspecified time, the Geans "asserted a claim that the coverage limit under the Policy is not limited to $1,000,000.00 as stated in the Declaration Page, but 'stacks' to provide a coverage limit commensurate with the number of scheduled units under the policy so as to provide $21,000,000.00 (twenty-one million) in liability coverage." ECF No. 47 at ¶ 39.

In this action, the Geans filed a motion to dismiss for lack of personal jurisdiction on March 21, 2017.[2] ECF No. 25. On November 13, 2017, Acuity filed a motion seeking the dismissal of a count for interpleader and the addition of a count for declaratory judgment under Missouri law. ECF No. 42. The Court granted the motion and directed the parties to submit supplemental briefing on the issue of personal jurisdiction. ECF No. 46.

The Geans argue that this Court lacks personal jurisdiction over them because they have no ties to the state of Missouri other than an expressed interest in the construction of

---

[1] Tab Robert Barks, Gaganjot Singh Virk, and Swift Transportation Company are also named as defendants in that lawsuit.

[2] The motion also sought to dismiss a count for interpleader for lack of subject matter jurisdiction, which was granted by the Court. The Court held the rest of motion in abeyance while giving Acuity the opportunity to cure the jurisdictional defect. Instead, Acuity dismissed the interpleader count.

an auto insurance policy held by a Missouri citizen. This pre-litigation interest, the Geans submit, is insufficient to establish personal jurisdiction. Acuity responds that the Court has personal jurisdiction over the Geans because they purposefully availed themselves of the laws of the state of Missouri and the benefits of those laws when they sought monetary payment under the policy.

## DISCUSSION

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists . . . ." *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (citations omitted). "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Fastpath*, 760 F.3d at 820 (citations and quotations omitted). The court must view the evidence "in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *Id.*

"Personal jurisdiction in a diversity case exists only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *K–V Pharm.*, 648 F.3d at 592 (citations and quotations omitted). "[B]ecause the Missouri long-arm statute

authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," the Court will consider "whether the assertion of personal jurisdiction would violate due process." *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 849 (8th Cir. 2017) (citations and quotations omitted).

Due process requires that there be "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend 'traditional notions of fair play and substantial justice." *Id.* (citations omitted). Specifically, courts consider five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id*. Courts give "significant weight to the first three factors." *Fastpath*, 760 F.3d at 821.

Here, Acuity has failed to meet its burden to establish personal jurisdiction over the Geans. Acuity does not identify, nor could the Court find, case law supporting Acuity's position that by simply making a claim under a Missouri auto insurance policy obtained by another individual, the Geans have intentionally availed themselves "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2783 (2011). Moreover, the aforementioned minimum contact factors weigh against a finding of personal jurisdiction. The Geans are Michigan citizens, and the accident took place in Illinois. They contend that they have had no other contacts with Missouri, and Acuity

4

does not allege any contacts between the Geans and Missouri other than their claim against the insurance policy, which was formed in Missouri between Acuity and a Missouri insured. Missouri's interest in providing a forum for its resident in this case and convenience of the parties does not weigh heavily in favor of this forum.

Upon evaluation the relevant factors, there are insufficient minimum contacts between the Geans and Missouri to exercise personal jurisdiction over the Geans.[3] Therefore, the Court will dismiss the Geans for lack of personal jurisdiction.

In light of the dismissal of the Geans, the Court will require Plaintiff to show cause why this case should not be dismissed for lack of an actual controversy, as required for a declaratory judgment action. "The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether 'there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (internal citation omitted). A controversy "must be live throughout the course of the litigation and must

---

[3] In the event the Court found a jurisdictional defect exists, Acuity requests that this case be transferred to the United States District Court of the Southern District of Illinois under 28 U.S.C. § 1406(a). However, that statute only applies where venue is improper. Venue is proper here. *See Safeco Ins. Co. of Indiana v. Carlson*, No. CV 17-573 (RHK/HB), 2017 WL 3575862, at *1 (D. Minn. Aug. 14, 2017) (holding that venue is proper in state where the policy in question was purchased and issued in a declaratory judgment action concerning insurance coverage). While the Court finds personal jurisdiction lacking over the Geans, there is no suggestion that venue is improper. Acuity does not address transfer under 28 U.S.C. § 1404. Therefore, the Court declines Acuity's request for transfer.

exist at the time of the district court's hearing of the matter and not simply when the case is filed." *Id.*

The amended complaint details the underlying lawsuit filed by the Geans in Illinois, as well as the Geans' claim that the policy coverage limit stacks to provide coverage in excess of $1,000,000. The Geans are no longer parties to this action, and the amended complaint does not state that another party is seeking to stack the policy's coverage limits. Therefore, there appears to be no substantial controversy between the parties left in this lawsuit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ronald Lee Gean and the Estate of Jean Carol Gean's motion to dismiss for lack of personal jurisdiction is **GRANTED**. ECF No. 25.

**IT IS FURTHER ORDERED** that on or before **February 15, 2018**, Plaintiff will show cause in writing why this lawsuit should not be dismiss for lack of an actual controversy. Failure to comply with this Order may result in the dismissal of this action.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2018.