UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:16-cv-300-AGF ) |
| REX, LLC, TABB ROBERT BARKS, RONALD LEE GEAN, ESTATE OF JEAN CAROL GEAN, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, GAGANJOT SINGH VIRK, AUTO-OWNERS INSURANCE COMPANY, AIR EVAC EMS, INC., DEACONESS HOSPITAL, INC., HEARTLAND REGIONAL MEDICAL CENTER, ZURICH AMERICAN INSURANCE COMPANY, and GALLAGHER BASSETT SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Acuity, A Mutual Insurance Company's response to the Court's Order to show cause regarding whether any "actual controversy" remains, and Acuity's and request concerning handling of its $1 million policy proceeds. ECF No. 53. In this action, Acuity seeks a declaratory judgment regarding whether the insurance proceeds payable as the result of a vehicle accident are subject to stacking. On February 6, 2018, the Court dismissed Defendants Ronald Lee Gean and the Estate of Jean Carol Gean ("the Geans") for lack of personal jurisdiction.

ECF No. 52. The Court then ordered Acuity to show cause in writing why the lawsuit should not be dismissed for lack of an actual controversy. *Id.*

Acuity responds that there remains an actual controversy in this case because Defendant Rex, LLC, believes that Acuity's policy stacks so as to afford $21 million in coverage. However, Acuity concedes that in light of the Court's order dismissing the Geans, the Court cannot fully decide the coverage controversy and provide the relief sought by Acuity because the Geans are necessary parties to this litigation. Acuity states that in the absence of the Geans as parties, there is nothing further for the Court to decide, and Acuity seeks the issuance of a final order. However, Acuity requests that the Registry of the Court remain in possession of the $1 million policy proceeds deposited in this case pending Acuity's appeal of the Court's decisions.

Federal Rule of Civil Procedure 19 provides the framework for determining whether a case must be dismissed for failure to join a necessary party. The Court must first determine whether a party is necessary to the action and if that party may be joined. Fed. R. Civ. P. 19(a). If the party cannot be joined, the Court must then determine whether the party is "indispensable to the action." Fed. R. Civ. P. 19(b). A party is indispensable where the Court cannot proceed in equity and good conscience with the parties before the Court. *Id.*

Here, the Geans cannot be joined because this Court cannot exercise personal jurisdiction over Acuity's claims against them. However, the Geans are indispensable parties to this action due to their assertion that Acuity's policy stacks in the parallel

2

proceeding in Illinois state court. As a result, the relief sought by Acuity from this Court necessarily requires the inclusion of the Geans in this lawsuit. Thus, the Court cannot equitably proceed with the parties before the Court. Therefore, as requested by Acuity, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice**. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Registry of the Court shall remain in possession of the $1 million policy proceeds pending Acuity's appeal of the Court's decisions.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2018.